# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff - Appellee,<br><br>v.<br><br>RICHARD T. CABACCANG,<br><br>       Defendant - Appellant. | No. 05-10353<br>D.C. No. CR-97-00095-02-DOC<br><br><br>**JUDGMENT** |

**FILED**

DISTRICT COURT OF GUAM

JUL 27 2007

MARY L.M. MORAN
CLERK OF COURT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff - Appellee,<br><br>v.<br><br>JAMES CABACCANG,<br><br>       Defendant - Appellant. | No. 05-10354<br>D.C. No. CR-97-00095-03-DOC<br><br><br><br>**JUDGMENT** |

Appeal from the United States District Court for the USDC - UNITED STATES DISTRICT COURT OF GUAM (HAGATNA).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the USDC - UNITED STATES DISTRICT COURT OF GUAM (HAGATNA) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this

Court, that the judgment of the said District Court in this cause be, and hereby is

**AFFIRMED.**

Filed and entered 03/30/07

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-10353 |
| Plaintiff - Appellee, | D.C. No. CR 97-095-02 DOC |
| v. | |
| RICHARD T. CABACCANG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-10354 |
| Plaintiff - Appellee, | D.C. No. CR 97-095-03 DOC |
| v. | |
| JAMES CABACCANG, | |
| Defendant - Appellant. | |

Appeals from the District Court of Guam
David O. Carter, District Judge, Presiding

Argued and Submitted January 8, 2007
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

Before:    HUG, TASHIMA, and W. FLETCHER, Circuit Judges.

James Toves Cabaccang and Richard Toves Cabaccang appeal the sentences imposed by the district court following our remand.[1] In United States v. Cabaccang, 332 F.3d 622 (9th Cir. 2003) (en banc) ("Cabaccang I"), we held that the transport of drugs on a nonstop flight through international airspace from one location in the United States to another does not constitute importation within the meaning of 21 U.S.C. § 952(a).[2] Id. at 623. We therefore reversed the convictions on all of the importation-related counts of Roy, James, and Richard (collectively "Appellants") and remanded to the district court to reconsider Roy's conviction for a continuing criminal enterprise. Id. at 637. We affirmed the judgment of the district court on the counts that were not importation-related, adopting the decisions of the three-judge panel with respect to those counts. Id.

Appellants then filed a motion for clarification of the remand, asking us to remand James' and Richard's convictions and sentences on Count II of the

---

[1]    The Cabaccangs are brothers. For ease of reference, we will refer to them by their first names. James' and Richard's appeals were consolidated and argued together, together with the appeal of their brother, Roy Toves Cabaccang. We address Roy's appeal, No. 05-10352, in a concurrently-filed separate opinion.

[2]    Because the parties are familiar with the factual and procedural background, we do not recite it here except as necessary to aid in understanding this disposition.

-2-

indictment, conspiracy to distribute methamphetamine, and to remand Roy's conviction and sentence on Count VI, possession with intent to distribute methamphetamine. We denied the motion as to Count II but remanded Count VI. United States v. Cabaccang, 341 F.3d 905 (9th Cir. 2003) (en banc) ("Cabaccang II").

On remand, the district court concluded that our opinion and clarification order affirmed the non-importation-related convictions of James and Richard and that it accordingly lacked jurisdiction to resentence them. James and Richard contend that this was error. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Cabaccang I clearly stated that the convictions and sentences that were not importation-related were affirmed. Cabaccang I, 332 F.3d at 637. The remand order concerned only Roy, not James or Richard. See id. Cabaccang II denied Appellants' motion to remand James' and Richard's convictions on Count II. Cabaccang II, 341 F.3d at 905.

James' and Richard's reliance on United States v. Ruiz-Alvarez, 211 F.3d 1181 (9th Cir. 2000) (as amended), is unavailing. Unlike Ruiz-Alvarez, in which "resentencing was not inconsistent with the panel's decision," id. at 1184, resentencing here would have been directly contrary to the express language of our

-3-

decision. See Mendez-Gutierrez v. Gonzales, 444 F.3d 1168, 1172 (9th Cir. 2006)

("[W]e have repeatedly held, in both civil and criminal cases, that a district court

is limited by this court's remand in situations where the scope of the remand is

clear."); United States v. Pimentel, 34 F.3d 799, 800 (9th Cir. 1994) (per curiam)

(Where "we expressly limited the scope of our remand to consideration of a single

sentencing issue. . . , the district court was without authority to reexamine any

other sentencing issues on remand.").

   "The rule of mandate requires a lower court to act on the mandate of an

appellate court, without variance or examination, only execution." United States

v. Garcia-Beltran, 443 F.3d 1126, 1130 (9th Cir.), cert. denied, 127 S. Ct. 319

(2006). Both Cabaccang I and Cabaccang II clearly limited the scope of the

remand. The district court accordingly did not err in concluding that it lacked

jurisdiction to resentence James and Richard. The judgments of the district court

on remand are

   **AFFIRMED.**

-4-