James Toves Cabaccang
Reg. No. 09186-112
Federal Correctional Institution # 2
PO Box 3850
Adelanto, CA 92301



FILED
DISTRICT COURT OF GUAM
MAR 02 2016
JEANNE G. QUINATA
CLERK OF COURT

UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plantiff,<br><br>vs.<br><br>JAMES TOVES CABACCANG,<br><br>    Petitioner - Movant. | Crim. Case No. 97-00095-003<br><br>MEMORANDUM OF UNDERSTANDING RELATING TO PETITIONER'S ELIGIBILITY FOR A SENTENCE REDUCTION - MODIFICATION PURSUANT TO § 3582(c)(2). |

    Comes now Petitioner "James Toves Cabaccang", PRO SE, and submits to this Court the following MEMORANDUM with respect to his still pending § 3582(c)(2) Motion that was filed in this Court in November 2014 to clarify any confusion to his ELIGIBILITY for a Sentence Reduction - Modification.

## DISCUSSION

    To grant a sentence reduction, § 3582(c)(2) first requires a defendant's original sentence to be "based on a sentencing range that has been subsequently lowered by the Sentencing Commission." § 3582(c)(2). To determine what range and drug quantity was expressly used to determine a defendant's original term of imprisonment, courts have noted that Courts must look to what the District Court did at the original sentencing proceeding.

    In Petitioner's sentencing proceedings, the District Court adopted the PSI submitted by the United States Probation Office and set the Base Offense Level on the following statement set forth on Page 20, Line #90 of this PSI:

1

BASE OFFENSE LEVEL: The Guideline section for a 21 U.S.C. §§ 841 (a)(1) and 846 violations are found under U.S.S.G. § 2D1.1. The base offense level is set forth in § 2D1.1(a)(3), which refers to the Drug Quantity Table under subsection (c). In determining the Guideline Range, the total amount of methamphetamine (actual) for which the defendant is held accountable based on all investigative reports detailing the defendant's drug trafficking activities is in excess of three kilograms of methamphetamine (actual) according to U.S.S.G. § 2D1.1(a)(3)(c)(1). If the offense involves three kilograms or more of methamphetamine (actual) or "ice", the base offense level is 38.

Review of the investigative reports referred in the proceeding actually shows that Petitioner's alleged activities involved far less than the three kilograms he is held accountable. This "three kilograms" is in fact derived from the verdict in "Roy Toves Cabaccang's" Special Allegations Jury Verdict. The facts in the PSI and the case evidence actually establish that Petitioner was a late entry in this drug conspiracy and correctly should have been held accountable for an amount much less than 500 kilograms methamphetamine (actual). Accepting that the Sentencing Court accepted and adopted the findings of the PSI report, Petitioner submits that he is thus held accountable for three kilograms and a few more grams of methamphetamine (actual). The plain and clear language of the PSI does not invite any other conclusion on the quantity of drug. If it meant to say that Petitioner was held accountable for an amount of methamphetamine (actual) in excess of four kilograms or more of methamphetamine (actual), then it would have clearly and plainly articulated such in the PSI and the Sentencing Proceedings.

The 2014 Amendment 782 has since lowered the Offense Levels to Drug Quantities. The weight of less than 4.5 kilograms of methamphetamine (actual) is now set to a Base Offense Level 36. Petitioner's Base Offense Level at his initial sentencing was set at Level 38, inline with the Drug Quantity Table in 1997. This weight of three kilograms and some of methamphetamine (actual) has now been lowered to a Base Offense Level 36. This new Base Offense Level of 36 with the added four point enhancement is now a total of 40 (Sentencing Range of 292 mnths to 365 mnths) as compared with the original total of 42 (Sentencing Range of 360 mnths to Life). It is thus clear that Petitioner's current sentence is in fact "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2).

It is Petitioner's understanding that a sentence reduction - modification under § 3582(c)(2) requires such to be "consistent with the applicable policy

2

statement issued by the Sentencing Commission." § 3582(c)(2). The applicable policy is that of § 1B1.1 which requires courts to "determine the amended guideline range that would have been applicable to the defendant if the amendment to the guidelines ... had been in effect at the time the defendant was sentenced." Id. Courts must "substitute only the amendment ... for the corresponding guideline provision that was applied when the defendant was sentenced and ... leave all other guideline application decisions unaffected." Id. (Freeman v United States, 180 L Ed 2d 519, 530 (2011), "all Guideline decisions from the original sentencing remain in place, save the sentencing range that was altered by the retroactive amendment.")

    The Sentencing Court in this instant case, adopting the PSI and the language therein, determined that Petitioner is accountable for a drug weight "in excess of three kilograms of methamphetamine (actual)." It is significant that the determination does not state anything further ... such as that Petitioner is held accountable for a drug weight in excess of four (or four and a half) kilograms of methamphetamine (actual). (Compare with the language set forth in the PSI for Richard Toves Cabaccang.) Thus, the conclusion warranted in this intant case must be consistent to the language of the PSI and the Sentencing Court's holding, that Petitioner is eligible for Sentence Reduction because Petitioner's New Base Offense Level as amended by the 2014 Amendment 782 is now Level 36 ... previously Level 38. To conclude otherwise would be inconsistent with the policy statment that requires "leaving all other guideline decisions unaffected" and consider only the "amended guideline range that would have been applicable to the defendant if the amendment to the guidelines ... had been in effect at the time when the defendant was sentenced." Id. (1997 Guidelines places three kilograms at Level 38 - the 2014 Amendment 782 now puts this same weight at Level 36.)

## CONCLUSION

    Inline with the above discussion, Petitioner petitions this Court of the following:

    (1) that the Court issue an Order to the U.S. Probation Office to work out an "ELIGIBILTY" determination worksheet relating to the above points and his still pending § 3582(c)(2) Motion that was filed in this Court in November 2014,

    (2) and if warranted, to appoint an attorney to provide assistance to this defendant with respect to this Motion at issue.

I, the Petitioner, hereby state that the proceeding facts stated in the proceeding discussion are true and accurate.

Submitted by: *James Toves Cabaccang*
James Toves Cabaccang, Reg No 09186-112

Signed on this date: 2-21-16

4

## CERTIFICATE OF SERVICE

I, Petitioner, James Toves Cabaccang, hereby certify that a true and accurate copy of the attached Memorandum was mailed to the office of the United States Attorney at the following address:

UNITED STATES ATTORNEY
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910

Submitted by: *James Toves Cabaccang*
James Toves Cabaccang, Reg No 09186-112

Mailed on this date: 2-21-16

James T. Cabaccang
09186-112
Federal Correctional Institution #2
P.O. Box 3850
Adelanto, CA 92301

LEGAL MAIL

U.S. District Court of Guam
4th Floor, U.S. Court House
520 West Soledad Avenue
Hagatna, Guam 96910

LEGAL MAIL

